Filed 5/27/26  P. v. Downs CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085630 |
| v. | (Super.Ct.No. 16CR059155) |
| JOSEPH FRANKLIN DOWNS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Law Office of Brad Poore and Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Elizabeth M. Renner and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Following a resentencing hearing pursuant to Penal Code[1] section 1172.75, the trial court resentenced defendant and appellant Joseph Franklin Downs to the upper term for his armed robbery and gun possession convictions.  On appeal, defendant argues the court erred in reimposing the upper terms because the supporting aggravating factors were neither proven beyond a reasonable doubt nor admitted by him in accordance with current, heightened fact-finding requirements under section 1170 and in violation of his right to a jury trial under the Sixth Amendment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Midday on October 25, 2016, San Bernardino County Sheriff's Deputy Caballero drove to a motel to investigate a report about an individual carrying a firearm.  Deputy Caballero was undercover; he was armed but was dressed in a T-shirt and jeans.  Deputy Caballero observed two Black men standing in a parking lot; one of the men was later identified as defendant.  Defendant was standing next to a car, pointing a shotgun at the driver.  Because he was undercover, thus not wearing his tactical vest, Deputy Caballero

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken verbatim from this court's unpublished opinion from defendant's direct appeal in case No. E068960.  (*People v. Downs* (Nov. 2, 2018, E068960) [nonpub. opn.] (*Downs I.*).)

chose not to engage with defendant at that time and instead drove his vehicle out of the parking lot and around to the front of the motel. (*Downs I*, *supra*, E068960.)

Deputy Caballero watched defendant enter a room at the motel; he lost sight of the second man. Sometime later, defendant and a Hispanic male exited the room and walked down the street. Other deputies had arrived by this time, and defendant was detained. The motel room was searched; two shotguns and a box of live shotgun rounds were found. One of the shotguns was loaded. Defendant was interviewed, and under *Miranda*[3] he admitted pointing a shotgun in the face of a man who owed defendant money for marijuana and retrieving $50 from him. (*Downs I*, *supra*, E068960.)

In June 2017, a jury found defendant guilty of second degree robbery (§§ 211, 212.5, subd. (c)) and possession of a firearm by a felon (§ 29800, subd. (a)(1)). The jury also found true the allegations that defendant personally used a shotgun in commission of the robbery (§§ 12022.5, subd. (a), 12022.53, subd. (b)). In a bifurcated proceeding, the trial court found true that defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subds. (a)(1)) and four prior prison terms (§ 667.5, subd. (b)). (*Downs I*, *supra*, E068960.)

The trial court sentenced defendant to an aggregate 25-year term in state prison as follows: the upper term of five years for count 1, doubled to 10 years due to the strike prior; a consecutive 10-year term for the firearm use enhancement; and a consecutive

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

five-year term for the prior serious felony enhancement. The trial court stayed execution of the sentence for count 2 under section 654 and struck the punishment for the prison priors under section 1385.

On direct appeal, we affirmed the judgment but remanded the matter to give the trial court an opportunity to exercise its newly granted discretion to strike the firearm use enhancement. (*Downs I*, *supra*, E068960.)

On April 25, 2019, on remand for resentencing, the trial court declined to exercise its discretion to strike both the firearm use enhancement and the prior serious felony enhancement and reimposed the 25-year prison term. Defendant subsequently appealed, and we affirmed the judgment. (*People v. Downs* (May 12, 2020, E072914) [nonpub. opn.] (*Downs II*).)

On December 1, 2023, the trial court noted that defendant "is on CDCR report as to PC1171/PC1171.1 (now PC1172.7/PC1172.75) eligibility."

On December 12, 2024, defendant filed a resentencing brief. And, on December 16, 2024, the People filed an opposition to defendant's request for a full resentencing hearing.

On February 7, 2025, following a full resentencing hearing pursuant to section 1172.75, the trial court denied defendant's motion to strike his prior strike conviction and imposed a reduced sentence of 20 years. The court reimposed the upper term of five years on defendant's robbery conviction, doubled by virtue of his strike, and an additional 10 years for the attendant gun use enhancement; reimposed and stayed the

4

upper term sentence of three years for the gun possession conviction; and dismissed the prior prison term enhancements and prior serious felony enhancement. The court explained, "I have reviewed the case file and the briefs of the parties and considered the arguments of counsel. As to the resentencing today, I confirm the findings that were made on the record at the original sentencing hearing and continue to find that the aggravating factors outweigh the mitigating factors." Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court erred in reimposing the upper terms on his robbery and gun possession convictions without a jury trial on the aggravating circumstances used to impose upper term sentences in violation of the Sixth Amendment right to a jury trial. He relies on recent amendments to section 1170, subdivision (b), and contends the trial court erred when it reimposed the upper terms, because he neither stipulated to circumstances in aggravation to justify that term, nor did a jury or court find such circumstances true beyond a reasonable doubt. (See § 1170, subd. (b)(1), (2).) Defendant further asserts that section 1172.75, subdivision (d)(4), does not constitute an exception to section 1170, subdivision (b)(2), and that the error was not harmless and thus a remand is required for a resentencing hearing.

We review a trial court's sentencing decisions in a section 1172.75 resentencing proceeding for abuse of discretion. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628 (*Mathis*); *People v. Garcia* (2024) 101

5

Cal.App.5th 848, 855-856.)  However, where the appeal from a resentencing order "raises questions of law, our review is de novo."  (*Mathis*, at p. 366; see *People v. Braden* (2023) 14 Cal.5th 791, 804 [" 'The interpretation of a statute presents a question of law that this court reviews de novo.' "].)

Effective January 1, 2022, the Legislature made the middle term the presumptive determinate sentence when a "statute specifies three possible terms."  (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.)  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

Section 1172.75, subdivision (d), sets forth the procedure for resentencing a defendant when his or her sentence has been recalled.  As relevant here, similar to the language in subdivision (b)(2) of section 1170, subdivision (d)(4) of section 1172.75 provides:  "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (Italics added.)

There currently is a split in the Courts of Appeal whether the new burden of proof in subdivision (b) of section 1170 applies in resentencing a defendant under section 1172.75, subdivision (d)(4), when the court "originally imposed" the upper term on the defendant. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 467 (*Brannon-Thompson*) ["the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"]; with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 [the new language in subdivision (d)(4) of section 1172.75 "simply restrict[s] the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term"].) This issue is currently pending before our Supreme Court. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)[4] Until we receive further guidance, we shall follow the *Brannon-Thompson* court's interpretation of section 1172.75, subdivision (d)(4).

We agree with *Brannon-Thompson* that the statute's plain language creates an exception to the new burden of proof required by section 1170, subdivision (b), when sentencing a defendant to an upper term. (See *Brannon-Thompson*, *supra*, 104

---

[4] The Supreme Court granted review in *People v. Eaton*, *supra*, review granted May 14, 2025, S289903, to decide whether section 1172.75, subdivision (d)(4), allows the superior court to reimpose the upper term where the defendant did not stipulate to, and a factfinder did not find true beyond a reasonable doubt, the facts underlying one or more aggravating circumstances.

Cal.App.5th at p. 467 [the language—"[u]nless the court originally imposed the upper term"—in section 1172.75, subdivision (d)(4) is "unambiguous"]; accord, *People v. Dozier* (2025) 116 Cal.App.5th 700, 713 ["the plain language of section 1172.75, subdivision (b)(4), creates an exception to the heightened factfinding requirements where the upper term was originally imposed"]; *Mathis*, *supra*, 111 Cal.App.5th at p. 372 ["the heightened factfinding requirement" in section 1172.75, subdivision (d)(2), "does not apply where the defendant originally received an upper term sentence"], review granted Aug. 13, 2025, S291628.)

The Legislature is "free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' and it may 'disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated.' " (*Mathis*, *supra*, 111 Cal.App.5th 359, 374.) "Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis*, at p. 374, citing *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467 [section 1172.75, subdivision (d)(4), unambiguously "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing," so that "the new burden of proof amendments . . . apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"]; accord *People v. Lynch* (2024) 16 Cal.5th 730, 747 [under the previous statutory scheme,

8

there was no requirement for a trial court to find a particular fact as a condition to imposing the upper term].)

Defendant relies on *People v. Gonzalez*, *supra*, 107 Cal.App.5th 312, which disagreed with *Brannon-Thompson*. (See *Gonzalez*, at p. 330.) As stated previously, until the Supreme Court decides the issue, we agree with *Brannon-Thompson* and *Mathis*, not *Gonzalez*.

Based on the foregoing reasons, we find the trial court did not err in imposing upper terms on defendant's robbery and gun possession convictions.

IV.

DISPOSITION

The post-judgment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
Acting P. J.


FIELDS
J.